UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| **Larry Kopchak,** | ) | |
| | ) | |
|     **Plaintiff** | ) | |
| | ) | |
| v. | ) | Civil No.   3:14-737-TLW |
| | ) | |
| **Citibank, N.A.,** | ) | **Jury Trial Demanded** |
| | ) | |
|     **Defendant.** | ) | |

## COMPLAINT

1. This is an action brought by the Plaintiff, Larry Kopchak, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq* (hereinafter "TCPA"). The Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of South Carolina law as set forth herein.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

## PARTIES

3. The Plaintiff, Larry Kopchak, is a resident and citizen of the State of South Carolina, Lee County, and is over the age of twenty-one (21) years. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3).

4. Citibank, N.A. (hereinafter "Citi") may be served with process through its CEO, Gene

McQuade, at its corporate headquarters, 399 Park Ave., New York, NY 10022. Defendant Citi was in all respect and at all times relevant herein doing business in the State of South Carolina.

## FACTUAL ALLEGATIONS

5. Defendant has made numerous harassing telephone calls to Plaintiff's cellular telephone, 843 920 6855, and Plaintiff's home telephone, 843 425 5542. Said calls to Plaintiff were made in an attempt to collect an alleged debt on a Sears account. Defendant Citi issues Sears credit cards and issued the credit card to which the collection attempts set forth in this Complaint relate.

6. Said telephone calls were made multiple times per day and were for the sole purpose of harassing, annoying or coercing Plaintiff into paying an alleged debt.

7. The continuous calls pushed Plaintiff to his wit's end. Plaintiff was dealing with his wife's chronic, and ultimately fatal, illness and was not allowed a moment's peace in his own home due to the constant telephone calls of Defendant.

8. Additionally, Defendant made numerous telephone calls to Plaintiff's cellular telephone, which doubles as his business phone.

9. On or about July 10, 2013, Plaintiff sent a complaint to the South Carolina Department of Consumer Affairs regarding Defendant Citi's conduct while attempting to collect an alleged debt relating to a Sears account. In his complaint, Plaintiff stated that Defendant Citi was calling him multiple times per day and that said calls were preventing Plaintiff and his wife from getting any peace.

10. Upon information and belief, a number of calls placed to the Plaintiff's cellular telephone by Defendant were made through the use of an automatic telephone dialing system as defined by 47 U.S.C. § 227.

11. Defendant repeatedly called Plaintiff on a number that was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

12. Plaintiff did not expressly consent to Defendant's placement of telephone calls to his cellular telephone by the use of an automatic telephone dialing system pursuant to 47 U.S.C. §227(b)(1)(A).

13. Plaintiff made clear to Defendant that he wished to no longer be called by both filing a complaint with the South Carolina Department of Consumer Affairs and by stating his desire to be left alone to representatives of Defendant when they made calls to Plaintiff.

14. None of Defendant's telephone calls placed to Plaintiff were for emergency purposes as defined by 47 U.S.C. §227 (b)(1)(A)(I).

15. The telephone calls made by Defendant were in violation of 47 U.S.C. §227(b)(1).

## COUNT ONE
## TELEPHONE CONSUMER PROTECTION ACT

16. Plaintiff adopts the averments and allegations of paragraphs 5 through 15 hereinbefore as if fully set forth herein.

17. The foregoing acts and omissions of Defendant constitute numerous and multiple

negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

18. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.,* Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C.§ 227(b)(3)(B).

## COUNT TWO
## TELEPHONE CONSUMER PROTECTION ACT

19. Plaintiff adopts the averments and allegations of paragraphs 5 through 18 hereinbefore as if fully set forth herein.

20. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

21. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 *et seq.*, the Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(c).

## COUNT THREE
## SOUTH CAROLINA CONSUMER PROTECTION CODE

22. Plaintiff adopts the averments and allegations of paragraphs 5 through 21 hereinbefore as if fully set forth herein.

23. Defendant Citi has engaged in unconscionable collection activities and practices in violation of the South Carolina Consumer Protection Code with respect to the Plaintiff's alleged consumer debt.

24. Defendant Citi violated §37-5-108(5)(b) by repeatedly calling the Plaintiff multiple times per day.  The purpose of said communications was to harass the Plaintiff.

25. Defendant Citi violated §37-5-108(5)(b)(vii) by causing the Plaintiff's telephone to ring repeatedly during a twenty-four hour period with the intent to annoy, abuse, or harass the Plaintiff.

26. Upon information and belief, the above violations of the South Carolina Consumer Protection Code by Defendant Citi entitles Plaintiff to not less than one hundred ($100.00) dollars and not more than one thousand ($1,000.00) dollars for each violation, as well as attorney fees and costs.

27. Plaintiff claims the above statutory damages, actual damages, attorneys' fees and costs.

## COUNT FOUR
## INVASION OF PRIVACY

28. Plaintiff adopts the averments and allegations of paragraphs 5 through 27 hereinbefore as if fully set forth herein.

29. South Carolina state law recognizes the Plaintiff's right to be free from invasions of privacy in such a manner as to outrage or cause serious mental suffering, shame, and humiliation to Plaintiff.

30. Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with telephone calls to his home to collect an alleged debt.

31. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency that they caused were outrageous, caused Plaintiff serious mental suffering and invaded the Plaintiff's privacy.

32. The conduct of the Defendant in engaging in the systematic campaign of harassment by repeatedly telephone the Plaintiff demonstrates the Defendant's blatant and shocking disregard for Plaintiff's rights and resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

33. As a result of the intrusions and invasions into Plaintiff's privacy, the Plaintiff is entitled to compensatory damages in an amount to be determined by a struck jury.

34. Additionally, as all of the acts undertaken and performed by the Defendant and its employees and/or agents were committed with malice, intent, wantonness, and recklessness, the Plaintiff is also entitled to punitive damages from the Defendant.

## COUNT FIVE
## NEGLIGENT TRAINING AND SUPERVISION

35. The Plaintiff adopts the averments and allegations of paragraphs 5 through 34 hereinbefore as if fully set forth herein.

36. Defendant knew or should have known of its inadequate training and supervision. If Defendant had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

37. Defendant knew or should have known that the conduct of its employees, agents, and/or assigns was improper and was in violation of the TCPA and/or South Carolina state and common law.

38. Defendant negligently failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

39. As a result of the Defendant's negligence, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT SIX
## RECKLESS AND WANTON TRAINING AND SUPERVISION

40. Plaintiff adopts the averments and allegations of paragraphs 5 through 39 hereinbefore as if fully set forth herein.

41. Defendant knew or should have known of its inadequate training and supervision. If Defendant had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

42. Defendant knew or should have known that the conduct of its employees, agents, and/or assigns was improper and in violation of the TCPA and/or South Carolina state and common law.

43. Defendant recklessly and wantonly failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

44. As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendant for the following:

A. Statutory damages of $500.00 from Defendant for each and every violation of the TCPA;

B. Treble statutory damages of $1,500.00 for each and every call made to the Plaintiff's cell phones by Defendant as each and every call was a knowing and/or willful violation of 47 U.S.C. §227 *et seq.*;

C. For relief in amounts or other appropriate relief as may be determined by the Court from Defendant Citi pursuant to SC §37-5-108 to include the Plaintiff's actual damages, statutory damages of one thousand ($1,000.00) dollars for each violation, as well as attorneys' fees and costs

D. Compensatory and punitive damages against Defendant in an amount to be determined by a struck jury on Plaintiff's state law claims for damages due to the Defendant's Invasion of Privacy, Negligent Training and Supervision and Reckless and Wanton Training and Supervision;

E. For such other and further relief as the Court may deem just and proper.

/s/ Penny Hays Cauley

                                          Penny Hays Cauley  
                                          Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

       **PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

                                        /s/ Penny Hays Cauley
                                        Penny Hays Cauley

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**

(Via restricted delivery)
Citibank, N.A.
c/o  Gene McQuade - CEO
399 Park Ave.
New York, NY 10022